UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

                              :
EDWIN ROMERO,                         :
DENISE WELLINGTON,
MOSHIN AHMAD,
DAWN M. ALEXANDER,
ANDREW AMIR,
STANLEY ANDRE,
WAI AUNG,
GARY BACCHUS,
KHEMRAJ BAICHAN,
ANGELA BONNETTE,
DAVID CALLISON,
DAVID CARTY,
SHAOMING CHANG,
NEAL CHERNAKOFF,
GERARD P. CORNET,
JOHANNY CRUZ,
LESTER CUMBERBATCH,              **NOTICE OF REMOVAL**
NOEL DALAL,
HOWARD G. DALEY, JR.,
LESTER DANIELS,                    **Civil Action No. _____**
GARY DESIMONE,
DANIEL DIAZ,
RAYMOND DOLAN,
DENNIS DONOVAN,                **New York County Supreme Court**
FRANK ESTES,                      **Index No.** 154362/2021
CHARLES M. FRIERSON,
ROBERT GONZALEZ, JR.,
ARKADIY GRIMBERG,
EDWIN GUTIERREZ,
DILWAR HASSAM,
JUAN HERNANDEZ,
OWEN HEWITT,
BENJAMIN JAMES,
JANICE JOE,
ANDREW JONES,
GLADIS JOSEPH,
JOHNNY JUE,
TREVOR JULIAN,
ALEXANDER KALIKA,
ISAAC F. LAPINIG,
GREGORY LAU,
FREDERICK LAVEN,
MANLUNG LEE,

PAMELA LEE,
BASIM LOUIS,
ANVAER LUDMILA,
JIN QIANG LUO,
CARL MAGNO,
ALEXANDER MARTIN,
ALEXANDER J. MATLOSZ,
RODERICK MCKRIETH,
T. MILERSON,
WAJHEE MOHAMMED,
TODD J. NELSON,
GINO J. OROLOGIO,
OSWALDO PALOMINO,
NATASHA PARRIS,
JAYSON PAYNE,
MICHAEL QUINN,
BEVERLYN RICHARDS,
JEANETTE RIVERA,
SOPHIA ROBERTS,
GERARD MAX ROGER,
PAUL ROMANO,
NORMAN RUBI,
TERRANCE RUSSELL,
JOSE ANTONIO SANTIAGO,
DONAVON SIMONETTE,
MAHADEO SINGH,
JOHN STANTYOS,
DORIAN STEWART,
YOLANDA TABB,
GUY TAIEB,
DONNA THOMPSON,
DEXTER H. TYRRELL,
WENDY TZUO,
THEARA WASHINGTON,
VERONDERLETTE WHITFIELD,
JITHENDRA J. YOGARASA,
SUKKYUN YOON,
JIASI ZHU,
IRENE THOMAS,
RUCHITA ACHARYA,
YVETTE ANDERSON,
DARLEEN BELL,
JOANNE BROOME,
AMINATA CHARLES,
LOREN CHAUHAN,
AHMED ALBARBARY,

CATHRYN ALVARADO,
JOHN BADALAMENTI,
MICHAEL BADALOV,
HENRY BARTELS,
DWAYNE BEMBRY,
MICHAEL BENSON,
ALEX BHUGGOO,
CYNTHIA BONNER,
TANYA BRAND-JONES,
ANGELA BROWN,
SHARI S. BROWN,
THOMAS K. BROWN,
ALSTON BROWNE,
VINCENT CAMPBELL,
GERALD CATALANOTTO,
NITHIMA CHAKKRIJRATANA,
JAMES T. CHAN,
FRIEDA A. COLSON-SYKES,
JOHN WROLF COURTNEY,
ANDREA COVELLI,
ADA IRIS CUEVAS,
EDWARD ELFIE,
RICHARD C. FALLUCCI,
JOEY FONG,
ASUNCION FRANCISCO,
DOMINICK FRANZESE,
WILFRIDO A. GARCIA,
ALEXIS GIANG,
PETER GIANG,
MAYA GINELLI,
DARIEN GOODWIN,
JOANNE GRAY,
ANGELA GREENIDGE,
RENEE GRIFFITH,
RADA GUSHTEROVA,
TRACEY HENDERSON,
MARLON A. HOLDER,
LUAN HUYNH,
STEVEN IANGIRO,
JOCELYN JAMES,
MALAIKA JAMES,
JOSEPH A. KERINS,
NARCISSE KONE,
ALEXANDER KOSHY,
ROBERTA LEFTENANT,
STEVEN LEONARD,

HUNG Y. LEONG,
BRONIS LEVIN,
STELLA LEVIN,
MARYELBY LOPEZ,
BASIM LOUIS,
FILIP LUKS,
SAMUEL MARTINEZ,
BETRICE MCNEILL-KANE,
JOHNNY MILES,
MINETTE R. MILLINGTON,
DIAN U. MOORE,
BETTY PARRILLA,
OLIVER PAULINO-HERNANDEZ,
KATY L. PEREZ,
RONALD PERSAUD,
NATASHA PETERSON,
JOHN PISICCHIO,
DANNETTE J. PLATO,
JEFFERSON PUN,
JOHNNY QUON,
PAUL RAMOS,
ANGELA RAMSEY,
VALERIE RICHARDSON,
DION RODRIGUEZ,
MAGDA RODRIGUEZ,
JAMES SANON,
KAMALENDU SARKAR,
LOUIS SAUSA,
VENUS SAVERY,
JOHN A. SCARPANTONIO,
TIMUR SHAKHIDOV,
DALE SHAW,
JAMES SIT,
CHRISTOPHER M. STERBENZ,
ROSALEE STODDART,
CYNTHIA STOKES-HERNANDEZ,
ADA TANG,
FRANKLIN TANG,
KATHY M. THOMAS,
KENNY HON TOO,
DEXTER TYRELL,
KONRAD WALUSZKO,
KAREN WATSON,
CAROL WILLIAMS,
LINDA WILLIAMS,
CHUK BO WONG,

YUK LING WONG,
XIAOMENG WU,
MICHELLE YORKE,
ANNA KOZIY,
NEVILLE LEWIN,
JANET PARSONS,
FIONE ROBE,
JOHN SCIOTTO,
ROBERT FELDMAN,
RODNEY GAINES,
JOSHUA GAYLE,
PATTI PASQUALE, and
THOMAS VARUGHESE,

                                                :

                    Plaintiffs,        :

On behalf of a class of employees employed with     :
the Manhattan and Bronx Surface Transit
Operating Authority, MTA Headquarters, and
Metropolitan Transportation Authority,

                -vs-                    :
                                                :

MANHATTAN AND BRONX SURFACE          :
TRANSIT OPERATING AUTHORITY, MTA     :
HEADQUARTERS a/k/a MTA INFORMATION   :
TECHNOLOGY, and METROPOLITAN       :
TRANSPORTATION AUTHORITY,          :
                                                :
                    Defendants.     :

TO:    The United States District Court
        for the Southern District of New York

       PLEASE TAKE NOTICE that Defendants Manhattan and Bronx Surface Transit

Operating Authority ("MaBSTOA") and Metropolitan Transportation Authority (*s/h/a*

Metropolitan Transportation Authority and Metropolitan Transportation Authority Headquarters)

("MTA") (collectively, "Defendants"), by and through their counsel, Proskauer Rose LLP,

respectfully notice removal of this action from the Supreme Court of the State of New York,

County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446.  As grounds for removal, Defendants respectfully state as follows.

**A.  Plaintiffs Commenced a Federal Court Action in 2019, which was Dismissed in 2020.**

1.      On January 24, 2019, Plaintiffs Edwin Romero, Denise Wellington, and one-hundred and thirteen (113) individuals (collectively, "Plaintiffs") commenced an action in the United States District Court for the Southern District of New York against Defendants, alleging Defendants violated the Fair Labor Standards Act ("FLSA") and New York Civil Service Law ("NYCSL") for failure to pay overtime, and the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and the New York State Constitution (Article 1, § 11) for unequal pay (*See Romero v. Metro. Transportation Auth*., 444 F. Supp. 3d 583 (S.D.N.Y. 2020), appeal dismissed (2nd Cir. 20-1268, Aug. 4, 2020)) (the "*Romero* Federal Action").  The FLSA claims were alleged on behalf of all those "similarly situated" as a collective action; the NYCSL claims and the Equal Protection claims were asserted on behalf of putative class members pursuant to Federal Rule of Civil Procedure 23.  The *Romero* Federal Action was assigned to Honorable Judge John G. Koeltl.

2.      Plaintiffs filed a First Amended Complaint on or about April 3, 2019 (*see Romero* Federal Action, Dkt. 13), and a Second Amended Complaint on or about July 1, 2019 (*see Romero* Federal Action, Dkt. 41).  The Second Amended Complaint was commenced by one-hundred and ninety-five (195) Named Plaintiffs.

3.      On March 13, 2020, the District Court dismissed Plaintiffs' NYCSL claims with prejudice, and Plaintiffs' FLSA and Equal Protection claims without prejudice.  (*See Romero* Federal Action, Dkt. 67.)

4.      On or about April 13, 2020, Plaintiffs filed a Notice of Appeal with the U.S. Court of Appeals for the Second Circuit.  (*See Romero* Federal Action, Dkt. 69.)

5.      On August 18, 2020, pursuant to Local Rule 31.2(d), the U.S. Court of Appeals of the Second Circuit issued a mandate dismissing Plaintiffs' appeal for failure to file a brief by the deadline set forth in the scheduling notification.  (*See Romero* Federal Action, Dkt. 71.)

**B.  Plaintiffs Commenced a Nearly-Identical State Court Action on May 4, 2021.**

6.      On May 4, 2021, Plaintiffs commenced a nearly-identical action to the *Romero* Federal Action in the Supreme Court for the State of New York, County of New York, captioned *Edwin Romero*, et al. *v. Manhattan and Bronx Surface Operating Authority, MTA Headquarters a/k/a MTA Information Technology, and Metropolitan Transportation Authority*, Index No. 154362/2021 (the "*Romero* State Court Action") by filing a Summons and Verified Class and Collective Action Complaint (the "*Romero* State Court Complaint").

7.      The parties and claims in the *Romero* State Court Action and *Romero* Federal Court Action are the same, except in the State Court Action, Plaintiffs did not allege claims for unpaid overtime under the NYCSL, a state law, as those claims were dismissed by the District Court with prejudice.

8.      Attached as **Exhibit A** is an index of the *Romero* State Court Action filings to date.

9.      Attached as **Exhibit B** is a copy of the *Romero* State Court Complaint that was filed on the docket, and that was served on counsel for MaBSTOA, by email dated May 18, 2021.  *See* 28 U.S.C. § 1446(a).

10.      MTA has not yet been served.

**C.  Removal of the *Romero* State Court Action is Appropriate.**

11.     This Court has original jurisdiction over the claims alleged in the *Romero* State Court Complaint that involve federal questions regarding alleged deprivation of rights under the FLSA, which is a federal law, and the Fourteenth Amendment of the U.S. Constitution, respectively.  *See* 28 U.S.C. § 1331 ("… [t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 1337.  Accordingly, removal is appropriate under 28 U.S.C. § 1441(a), which provides that "…any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

12.     At Paragraph 1 of the *Romero* State Court Complaint, Plaintiffs state the *Romero* State Court Action is "in part an FLSA [Fair Labor Standards Act] collective and action and in part, a class action under New York law and various federal and state constitutional provisions." *See* **Exhibit B**.  Plaintiffs further allege, at Paragraph 1(a) of the *Romero* State Court Complaint, that Defendants have failed to pay overtime after forty hours of work, as required by the FLSA. *See* **Exhibit B**.

13.     Plaintiffs also allege, at Paragraph 1(b) of the *Romero* State Court Complaint, that Defendants have violated the Equal Protection Clause of the United States Constitution.  *See* **Exhibit B**.

14.     Plaintiffs allege only one state-law claim in the *Romero* State Court Complaint, which is a claim alleging unequal payment of wages under Article 1, § 11 of the New York State Constitution's Equal Protection Clause.  The state-law claim is identical to the Equal Protection claim asserted under the Fourteenth Amendment of the United States Constitution, which was also asserted in the *Romero* Federal Action.  The District Court in the *Romero* Federal Action exercised supplemental jurisdiction over the state-law Equal Protection claim and analyzed the

8

claim under the federal standard when dismissing the claim without prejudice in response to Defendants' Motion to Dismiss, because the Court recognized that the Equal Protection Clauses of the Federal and New York State Constitutions are "coextensive."  (*See Romero* Federal Action, Dkt. 67 at 14, n 8.)

15.     This Court can exercise supplemental jurisdiction over the state-law Equal Protection claim.  *See* 28 U.S.C. § 1367(a), which provides that, "… in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution…."

16.     Since Plaintiffs commenced the *Romero* State Court Action in the Supreme Court of the State of New York, New York County, the Southern District of New York is the appropriate venue for the *Romero* State Court Complaint pursuant to 28 U.S.C. § 1441(a), which provides that, "…any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**D.  Defendants' Notice of Removal Has Been Timely Filed.**

17.     The date of filing of this Notice of Removal is within 30 days of when Defendant MaBSTOA accepted service of the *Romero* State Court Complaint on May 18, 2021.  *See* 28 U.S.C. § 1446(b).

18.     Promptly after filing this Notice of Removal, a true copy of this Notice will be provided to Plaintiffs' Counsel, and filed with the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

19.     By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them, including without limitation, service of process, nor do they waive any rights to appeal.

WHEREFORE, Defendants respectfully pray that this action proceed in this Court as a matter properly removed to this Court.

Dated:  New York, New York
        June 4, 2021


                                        By: /s/ Steven D. Hurd
                                            Steven D. Hurd


                                            PROSKAUER ROSE LLP
                                            Steven D. Hurd
                                            Joshua S. Fox
                                            Attorneys for Defendants
                                                Metropolitan and Bronx Surface Transit
                                                Operating Authority
                                                Metropolitan Transit Authority
                                                Metropolitan Transit Authority
                                                Headquarters
                                            Eleven Times Square
                                            New York, New York 10036
                                            Phone: (212) 969-3000
                                            shurd@proskauer.com
                                            jfox@proskauer.com

To:     Advocates for Justice, Chartered Attorneys
        Arthur Z. Schwartz, Esq.
        Laine Alida Armstrong, Esq.
        Richard Soto, Esq.
        Attorneys for Plaintiffs
        225 Broadway, Suite 1902
        New York, New York 10007
        (212) 285-1400

aschwartz@afjlaw.com
laine@advocatesny.com
rsoto@advocatesny.com